UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSIE T. WRIGHT,

    Plaintiff,

    v.

ASCENSION VIA CHRISTI ST. JOSEPH,
Psychiatric Unit,

    Defendants.

Case No. 24-1018-HLT-BGS

REPORT & RECOMMENDATION
FOR DISMISSAL OF COMPLAINT

NOW BEFORE THE COURT is the federal court Complaint (Doc. 1) filed by Plaintiff Josie T. Wright. For the reasons set forth below, the Court **recommends** to the District Court that the case be **DISMISSED** for failure to state a viable cause of action and/or failure to establish subject matter jurisdiction.

I.    **Standards for Reviewing *IFP Complaints*.**

In conjunction with her federal court Complaint alleging violations of her civil and Constitutional rights, Plaintiff filed a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3, *in forma pauperis* motion) along with a supporting financial affidavit (Doc. 3-1) and a Motion for Appointment of Counsel (Doc. 4). The undersigned Magistrate Judge has granted Plaintiff's *in forma pauperis* motion and denied the request for counsel through a contemporaneously-filed Order on those motions. (Doc. 6.)

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he or she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

II.     **Application of Standards to this Case.**

As an initial matter, the Court has jurisdictional concerns regarding Plaintiff's form Complaint. The Court may raise the issue of subject matter jurisdiction *sua sponte*. *See 1mage Software,*

*Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Plaintiff alleges the Court has federal question jurisdiction and cites to 18 USC §241 and the Eight Amendment to the United States Constitution.[1] (Doc. 1.) First, 18 USC § 241 is a criminal statute which does not provide relief in a civil action, so this cannot be a basis for federal court jurisdiction in this civil case. *Perkins v. University of Kansas Med Cntr.*, No. 13-2530-JTM, 2014 WL 1356042, at *4 (D. Kan. 2014) (citing *Figueroa v. Clark*, 810 F.Supp. 613, 615 (E.D.Pa.1992) (holding that no private civil cause of action exists for alleged violations of 18 U.S.C. § 241)). Second, the Eight Amendment relates to Plaintiff's right to be free from the imposition of cruel and unusual punishment in criminal matters. Plaintiff has failed to state how this would apply to her civil case. Plaintiff has, therefore, failed to establish subject matter jurisdiction before this Court.

On a more general basis, the exact nature of Plaintiff's claims are difficult to ascertain because of the lack of factual allegations in her Complaint. Plaintiff brings her claims against the psychiatric unit of Ascension St. Joseph's Hospital. (Doc. 1.) In her form Complaint, Plaintiff alleges violations of her civil and Constitutional rights. (*Id.*, at 1.) In the "statement of claim" section, Plaintiff is instructed to provide "a short and plain statement of the claim … [s]tat[ing] what each defendant did" that violated her rights. (*Id.*, at 3.) Plaintiff is further instructed to include the "dates and places" of Defendant's alleged conduct. (*Id.*)

Therein, Plaintiff obliquely states that her rights "were violated while in the care and treatment of Via Christi St. Joseph's psychiatric unit." (*Id.*) Plaintiff continues that she is demanding monetary damages "[a]s a result of contacting herpes because of conspiracy of rights … ." (*Id.*) Plaintiff does not, however, provide any specific factual allegations in her Complaint. She provides no narrative as to what allegedly happened, when it allegedly occurred, who allegedly

---

[1] Plaintiff's *IFP* motion also indicates that her case is about "Title VI" and "medical malpractice," in addition to 18 USC §241. (Doc. 3, sealed.) These claims are not, however, set forth in her Complaint. (*See generally* Doc. 1.)

violated her rights, how they allegedly did so, how the named Defendant would be liable for any such actions, the nature of Defendant's allegedly improper acts or omissions, or the nature of any alleged "conspiracy." The named Defendant is not referenced factually by Plaintiff in this portion of the Complaint other than to indicate that she received care and treatment in the facility (*Id.*) Plaintiff has failed to indicate when she was a patient at the facility, which implicates statute of limitations issues.

Simply stated, Plaintiff has not alleged in her form Complaint (Doc. 1) sufficient facts to allow the Court to determine the basis of the alleged violations of her rights. Given the dearth of factual information in the form Complaint, Plaintiff has failed to allege facts to support her potential claims against Defendant. Considering the above, the undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's claims be **DISMISSED** for failure to state a cause of action and/or failure to establish subject matter jurisdiction pursuant to federal law.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as she failed to state a claim upon which relief may be granted and failure to establish subject matter jurisdiction as discussed above. The Clerk's office shall <u>not</u> proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated January 31, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge