IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSIE T. WRIGHT, | |
| Plaintiff, | |
| v. | Case No. 6:24-cv-01018-HLT-BGS |
| ASCENSION VIA CHRISTI ST. JOSEPH, | |
| Defendant. | |

# ORDER

Plaintiff Josie T. Wright filed this case pro se.[1] Plaintiff alleges her rights were violated after she contracted herpes following an admission in Defendant Ascension Via Christi St. Joseph's psychiatric unit. Doc. 1 at 3. She asserts violations of 18 U.S.C. § 241, which is a criminal statute prohibiting conspiracy against rights, and violation of the Eighth Amendment. *Id.*

The magistrate judge issued a Report & Recommendation ("R&R") recommending that the case be dismissed for lack of subject-matter jurisdiction and failure to state a claim. Doc. 7. The R&R explains that the laws Plaintiff relies on to establish federal-question jurisdiction are a criminal statute that does not provide for a civil cause of action and the Eighth Amendment, which applies to those convicted of crimes. *Id.* at 4. The magistrate judge also noted factual shortcomings in the complaint. *Id.* at 4-5. Plaintiff was informed she had 14 days to file written objections to the R&R. *Id.* at 5.

Plaintiff timely filed an objection. Doc. 9. The filing is labeled "Additional Information." *Id.* It states that Plaintiff was admitted to Defendant's psychiatric unit "on a care and treatment

---

[1] Because Plaintiff proceeds pro se, her pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate.

petition" in June 2023. *Id.* at 1. Paperwork listed her name from a former marriage and Defendant did not update it. *Id.* Plaintiff alleges, without any additional detail, that she got "into verbal and physical altercations" with a security guard, and that the guard would assist staff in forcing medication on those who refused medication in pill form. *Id.*[2] Plaintiff was provided personal items from the nurses' station, including washcloths, towels, disposable underwear, toothpaste, body soap, and socks. *Id.* After she was released from the psychiatric unit in July 2023, Plaintiff began to experience a burning sensation in her vaginal area. *Id.* Plaintiff's personal research indicates that there is risk of exposure for HSV from "personal items such as towels used on the genital area and **underwear**." *Id.* (emphasis in original). Plaintiff was diagnosed with "HSV-II" on January 22, 2024. *Id.* Plaintiff alleges a conspiracy to violate her constitutional rights under 18 U.S.C. § 241. *Id.* at 1-2. Plaintiff also references the Eighth and Fourteenth Amendment in her objection and seeks $350,000 in damages. *Id.* at 3.

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has reviewed Plaintiff's complaint and objection de novo. The Court finds that Plaintiff has not established subject-matter jurisdiction. Plaintiff does not state any valid basis for federal subject-matter jurisdiction. The only federal statute cited is a criminal statute, and Plaintiff does not explain how she can establish federal-question jurisdiction based on that statute. *See Perkins v. Univ. of Kan. Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (dismissing claims under various statutes, including 18 U.S.C. § 241, because those "federal statutes authorize criminal prosecution for various acts, [but] they do not authorize a private right of action"). Nor

---

[2] Plaintiff suggests this happened to others but does not indicate whether this also happened to her.

does she explain how the Eighth Amendment applies to her allegations, as that provision generally applies only to those who have been convicted of a crime. *See Crowe v. Clark*, 552 F. App'x 796, 799 (10th Cir. 2014) ("At the time of the eviction, Ms. Dillard Crowe had not been convicted of any crime and as a consequence her Eighth Amendment protections were not implicated.").[3] To the extent Plaintiff intends to invoke diversity jurisdiction, the complaint states that both parties are citizens of Kansas, which means diversity jurisdiction does not exist. Doc. 1 at 2.

The magistrate judge also recommended dismissal based on insufficient factual allegations. Doc. 7 at 4-5. Plaintiff's objection to the R&R contains additional factual information about her claim. *See* Doc. 9. But even considering that additional information, the Court cannot discern any plausible claim. The only specific claim Plaintiff makes is for conspiracy. But Plaintiff offers nothing but conclusions to suggest a conspiracy existed. To the extent Plaintiff alleges others were mistreated by Defendant's staff, Plaintiff may not assert claims on behalf of others who are not parties to this case. To the extent Plaintiff alleges a violation of the Eighth Amendment, that provision generally only applies to prisoners, as noted above. And such a claim turns on deliberate indifference to a prisoner's safety or serious medical needs. *See Borden-Vasallo v. Miami Cnty. Sheriff's Off.*, 2020 WL 3288049, at *5 (D. Kan. 2020). Inadvertence or negligence are not sufficient to support an Eighth Amendment claim. *Id.* Here, Plaintiff's claim that she caught herpes from the towels or underwear provided to her by Defendant's staff is conclusory in nature, does not support a claim for deliberate indifference, and does not plausibly allege conspiracy to violate her constitutional rights.

---

[3] Nor does it appear that Defendant is a state actor. Plaintiff's objection also mentions the Fourteenth Amendment in the context of asserting a claim under 18 U.S.C. § 241. Doc. 9 at 3. It is not clear what claim Plaintiff might bring under the Fourteenth Amendment even assuming a jurisdictional basis.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 7) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and failure to state a claim. This case is closed.

IT IS SO ORDERED.

Dated: February 23, 2024             /s/ *Holly L. Teeter*
                                                                 HOLLY L. TEETER
                                                                 UNITED STATES DISTRICT JUDGE